UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Anthony Roberson,

   Plaintiff,

v.                Civil No. 12-2128 (JNE/SER)
                  ORDER

Thant Pearson et al.,

   Defendants.

  This case is before the Court on Plaintiff's motion to proceed in forma pauperis on appeal. Plaintiff is currently incarcerated in the Minnesota Correctional Facility-Faribault. To qualify for in forma pauperis status on appeal, a prisoner who appeals in a civil action must submit information that demonstrates the prisoner's inability to pay, or give security for, the appellate filing fees. 28 U.S.C. § 1915(a)(1) (2006). The prisoner must also submit a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the notice of appeal. *Id.* § 1915(a)(2). Even if the prisoner obtains in forma pauperis status on appeal, the prisoner is liable for payment in full of the $455.00 appellate filing fees without regard to the outcome of the appeal. *Id.* § 1915(b)(1); *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam). By filing a notice of appeal, the prisoner consents to the deduction of an initial partial appellate filing fee and the remaining installments from his prison account by prison officials. *Henderson*, 129 F.3d at 484. Even if the prisoner is financially eligible to proceed in forma pauperis on appeal, the prisoner may not appeal in forma pauperis if the district court "certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3).

  Plaintiff did not submit a trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal, but he did submit a statement for the

1

period of March 1 to 29, 2013. Based on the available information, the Court calculates the initial partial appellate filing fee to be $10.00. *See Henderson*, 129 F.3d at 485.

The Court turns to whether Plaintiff appealed in good faith. *See* 28 U.S.C. § 1915(a)(3); *Henderson*, 129 F.3d at 485. Good faith in this context is judged by an objective standard rather than the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In his notice of appeal, Plaintiff stated that he is appealing from an Order dated January 16, 2013. The January 16 Order granted Plaintiff's motion for a modification of the scheduling order and an enlargement of time. Plaintiff also mentioned a decision dated April 4, 2013, but no such decision appears on the docket. No appealable order or judgment has been entered in this case. Plaintiff's appeal is frivolous. The Court certifies that the appeal is not taken in good faith. The Court denies Plaintiff's motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff is assessed the $455.00 appellate filing fees.

2. The prison officials at the institution where Plaintiff is incarcerated shall pay the $10.00 initial partial appellate filing fee from Plaintiff's account to the Clerk of Court.

3. The prison officials at the institution where Plaintiff is incarcerated shall pay the remaining balance of Plaintiff's appellate filing fees, $445.00, from Plaintiff's account to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

4. Plaintiff's application to proceed in forma pauperis on appeal [Docket No. 18] is DENIED.

5. The Clerk of Court shall send copies of this Order to Plaintiff, the prison officials at the institution where Plaintiff is incarcerated, and the Eighth Circuit.

Dated: May 13, 2013

                                        s/Joan N. Ericksen
                                        JOAN N. ERICKSEN
                                        United States District Judge