**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Joseph Anthony Roberson, | Civil No. 12-2128 (JNE/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Thant Pearson, et al., | |
| Defendants. | |

This matter is presently before the Court on Plaintiff's self-styled submission entitled "Notice of Motion and Motion Pursuant to F.R.C.P. 12(g)(1), 46, 77(c)(2)(A),(D), 79(a)(1),(2)(A),(B); and 4(a)(2)(c)(3)." (Docket No. 26.) Plaintiff's submission presents several requests for relief, which will be granted in part, and denied in part.

**I. BACKGROUND**

Plaintiff commenced this action in August 2012, by filing a pro se civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) Before the Court ruled on the IFP application, Plaintiff filed his first amended complaint. (Docket No. 3.) Plaintiff's IFP application was reviewed by Magistrate Judge Steven E. Rau, and he determined that the application could not be granted, because Plaintiff had not filed a passable pleading. (Order dated September 24, 2012, [Docket No. 4].) Magistrate Judge Rau directed Plaintiff to file another amended complaint if he intended to pursue this action. (Id.) By order dated January 16, 2013, (Docket No. 9), the deadline for filing an amended complaint was extended to March 15, 2013. Thereafter, Plaintiff filed three more amended complaints. (Docket Nos. 14, 15 and 16.)

Before Magistrate Judge Rau had an opportunity to review Plaintiff's three newest amended pleadings, Plaintiff filed a Notice of Appeal. (Docket No. 17.) Plaintiff's Notice of Appeal was accompanied by a new IFP application, requesting leave to proceed IFP on appeal. (Docket No. 18.)

On May 13, 2013, this Court entered an order that denied Plaintiff's application to proceed IFP on appeal. (Docket No. 20.) The Court found that Plaintiff's appeal was frivolous, and not taken in good faith, because no final appealable order or judgment has been entered in this case. The Court further found that because Plaintiff currently is incarcerated,[1] he would have to pay the full $455 filing fee for his appeal, pursuant to the Eighth Circuit Court of Appeals' decision in Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997) (per curiam). See id. at 483 ("prisoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full"); see also In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

On June 7, 2013, the Eighth Circuit Court of Appeals summarily dismissed Plaintiff's appeal for lack of jurisdiction. (Docket No. 24.) The appeal undoubtedly was dismissed because no appealable order or judgment has been entered in this case.

As noted above, Plaintiff's present motion includes several requests for relief. First, he asks the Court to "rescind" the order denying his application to proceed IFP on appeal. Second, he asks the Court to issue a summons, so he can continue to prosecute the claims that he is attempting to bring in this action. Third, he asks the Court to grant another motion that he previously filed in this case (Docket No. 11). Fourth, he asks the Court to allow him to proceed pro se in this case. Fifth,

---

[1] Plaintiff apparently was not incarcerated when he commenced this action, but he was a prisoner at the Minnesota Correctional Facility in Faribault, Minnesota, when he filed his appeal.

he asks the Court to reimburse him for certain photocopy and postage expenses that he allegedly has incurred during the course of this action.

**II. DISCUSSION**

A. IFP Application on Appeal

Plaintiff asks the Court to rescind the order that denied his IFP application for his appeal. The Court denies this request. See Porter v. Dep't of Treasury, 564 F.3d 176, 179 (3d Cir. 2009) (stating that "appellants are not entitled to the return of their filing and docketing fees" and denying prisoner-appellant's motion for a fee waiver).

B. Request for Summons

Plaintiff's request for the issuance of summons will be denied. As of now, Plaintiff has three active pleadings on file – Docket Nos. 14, 15, and 16. This confusing situation must be resolved before a summons is issued in this case, because piecemeal pleading will not be permitted. The Court will direct Plaintiff to file one final amended complaint, so that all of his claims are stated in a single operative pleading that can be readily identified by the parties and the Court. If Plaintiff intends to continue to prosecute this action, he must file an entirely new complaint that will fully supercede and replace all prior pleadings in this case. The new amended complaint must be clearly labeled "Fifth Amended Complaint," and it must set forth all of Plaintiff's claims against all of the intended Defendants. If Plaintiff does not file an entirely new pleading by July 29, 2013, he will be deemed to have abandoned this case, and the case will be dismissed without prejudice for failure to prosecute.

If Plaintiff files an entirely new pleading in accordance with this order, the Magistrate Judge will then determine whether Plaintiff should be granted IFP status, whether a summons should be

issued, and whether the U.S. Marshal should be directed to effect service of process on the named Defendants.

### C. Prior Motion

On February 7, 2013, Plaintiff filed a motion asking the Court to grant him several forms of collateral relief. (Docket No. 11.) He requested an order directing a prison warden to grant him greater access to a prison library; he requested an order directing other prison personnel to allow him to make "legal phone calls;" he requested that someone (the Clerk perhaps?) be ordered to provide him with copies of various documents; and he requested (anomalously) an additional 60 days to present an "Appealing Matter."[2] The Court finds that all of these requests are premature. As of now, Plaintiff has not yet been granted IFP status, and he still has not filed a single fully-integrated complaint that can be clearly identified as the operative pleading in this case. Therefore, Plaintiff's prior pending motion will be denied without prejudice.

### D. Motion to Proceed Pro Se

Plaintiff's request for permission to proceed pro se in this case is wholly unnecessary. Litigants normally are entitled to represent themselves in federal court actions, (28 U.S.C. § 1654), and the Court has never suggested that Plaintiff does not have that right here. Nevertheless, in order to alleviate Plaintiff's apparent concerns about this issue, his request to proceed pro se will be granted.

### E. Photocopy expenses

Finally, Plaintiff has asked the Court to reimburse him for various photocopy and postage expenses that he allegedly has incurred in this case. It appears to the Court that a substantial portion

---

[2] The true nature and intent of this final request is incomprehensible.

of those expenses resulted from Plaintiff's penchant for filing redundant and unnecessary submissions. In any event, Plaintiff has offered no factual or legal grounds to support his request for reimbursement of expenses, and that request will therefore be denied.

Based upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to "rescind" the May 13 Order is DENIED.

2. Plaintiff's request for issuance of a summons is DENIED without prejudice.

3. Plaintiff's "Notice of Motion and Motion for an 'Order' Pursuant to 'F.R.C.P. 6(b)(1)(A), (b)(1) (c) and (C); and 7(b),'" (Docket No. 11), is DENIED without prejudice.

4. Plaintiff's request to proceed pro se in this case is GRANTED.

5. Plaintiff's request for reimbursement of photocopy and postage expenses is DENIED.

6. By no later than July 29, 2013, Plaintiff must file an entirely new pleading, entitled "Fifth Amended Complaint," that will supercede and replace all prior pleadings in this case, failing which this action will be dismissed without prejudice for failure to prosecute.

Dated: June 25, 2013

                                                s/Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Court Judge