UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Anthony Roberson,                      Civil Case No.:    12cv2128 (JNE/SER)

                 Plaintiff,

v.                                        **REPORT AND RECOMMENDATION**

Thant Pearson,
Barbara Schuler,
Work Force Center/Vocational Rehabilitation Services,
Jennifer,
Kelsie Dolney,
Deborah Shadegg,
Jeffrey Peterson,
Tom Roy,
Minnesota Clerks of Appellate Court,
Jennifer,
Hennepin County Economic Assistance Program,
The Minnesota Department of Corrections, and
Team 160 ET, AL. of Hennepin County Economic
Assistance Program,

                 Defendants.

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter was referred for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

More than one year ago Plaintiff filed a self-styled civil complaint and application seeking leave to proceed IFP. When Plaintiff commenced the action, he was a former state prisoner who was on supervised release. Evidently, Plaintiff was later found guilty of violating the terms and

1

conditions of his supervised release and he was eturned to prison. Plaintiff's most recent submission, (Docket No. 31), shows that he now is incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota.[1]

Soon after Plaintiff filed his original complaint, (Docket No. 1), he attempted to file an amended complaint, (Docket No. 3). The Court found those two initial pleadings to be inadequate, and Plaintiff was ordered to file a new complaint if he intended to continue to prosecute this action. (*See* Order dated September 24, 2012, [Docket No. 4].) Plaintiff did not file a new complaint until March 5, 2013, (*see* Docket No. 14), and soon thereafter he confounded the pleading process by filing two more unauthorized amended complaints, (Docket Nos. 15 and 16). Because of the confusion that Plaintiff's multiple pleadings created, the presiding District Court Judge ordered Plaintiff to file one final complaint that would supercede all of his prior pleadings. (*See* Order dated June 25, 2013, [Docket No. 29].) In response to that order, Plaintiff filed a "Fifth Amended Complaint," (Docket No. 31), which is now the sole operative pleading in this case.

Although Plaintiff had nearly a year to formulate his final pleading in this case, he still has not clearly explained the factual and legal bases for his lawsuit. Plaintiff is seeking a judgment against Defendants that would award him "injunctive relief in the amount of Seven Million, ($7,000,000), dollars." (Fifth Amended Complaint, p. 26.)

---

[1] Because Plaintiff was not a "prisoner" for purposes of the Prisoner Litigation Reform Act, ("PLRA"), when he commenced this action, (*see* 28 U.S.C. §§ 1915(h), 1915A(c)), the Court presently will assume, without deciding, that he should be excused from the filing fee requirements prescribed by 28 U.S.C. § 1915(b), and the initial screening requirements prescribed by 28 U.S.C. § 1915A. In other words, even though Plaintiff is now incarcerated, he will be treated as a non-prisoner for purposes of assessing his IFP application and his pleading, because he was not in prison when he commenced this action.

Plaintiff is attempting to sue a broad array of state and county officials and agencies. He believes that all of the named Defendants somehow conspired against him, and jointly caused or supported the revocation of his supervised release. Plaintiff's complaint does not describe what the various Defendants actually did (or failed to do) that allegedly violated Plaintiff's legal rights.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a complaint fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*). To state an actionable claim for relief requires that, a complaint allege a set of specific historical facts, that, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: **the complaint must allege facts**, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). The facts supporting a plaintiff's claims must be alleged clearly. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's complaint does not describe any specific acts or omissions by the named Defendant that might entitle Plaintiff to any relief under any legal theory. Indeed, the complaint does not describe any specific historical events at all.

A typical allegation in Plaintiff's complaint is the following:

> "Deprived plaintiff of and conspired with known and unknown individuals to deprive plaintiff of his rights to remain in the residence by lying to the plaintiff landlord in order to prevent plaintiffs [sic] restructure thereby depriving him of rights to his residence."

(Fifth Amended Complaint, p. 21, ¶ 34.) The Court initially notes that this allegation is not a complete sentence – even though Plaintiff was explicitly directed to present all of his allegations in complete sentences. (*See* Order dated September 24, 2012, [Docket No. 4], p. 3.) The structure and syntax of this allegation make it virtually incomprehensible. Most importantly, however, this allegation alleges no specific **facts**. Plaintiff appears to be claiming that someone lied to his landlord, but that ambiguous allegation by itself is virtually meaningless. Plaintiff has not identified who allegedly lied to his landlord; he has not indicated when, where or how the lie allegedly was communicated; he has not described any specific statement made to his landlord; and he has not explained why any such statement to his landlord was false. It impossible to know what (if anything) Plaintiff meant to convey by alleging that someone lied to his landlord "in order to prevent plaintiffs [sic] restructure thereby depriving him of rights to his residence."

The Court has not singled out and dissected just one deficient allegation from an otherwise sufficient pleading. The allegation discussed in the preceding paragraph exemplifies the inadequacy of Plaintiff's entire Fifth Amended Complaint. The entire pleading consists of nothing more than vague accusations – even though the Court expressly advised Plaintiff that "[v]ague accusations are not sufficient." (*See* Order dated September 24, 2012, [Docket No. 4], p. 3.) Even in his **sixth** pleading in this case, (i.e, the current Fifth Amended Complaint), Plaintiff fails to articulate an intelligible narrative. Simply put, even with the liberal construction that is required in *pro se* cases, (*Atkinson*, 91 F.3d at 1129, citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*)), Plaintiff's Fifth Amended Complaint fails to state a set of **facts** on which

relief can be granted.

The Court further finds *Heck v. Humphey*, 512 U.S. 477 (1994) bars Plaintiff's claims. In *Heck*, the Supreme Court re-affirmed that a state prison inmate cannot challenge the legality of his confinement in a civil action brought in federal court. Under *Heck*, habeas corpus is the exclusive means by which a state prisoner can challenge the validity of his confinement in federal court. Even if a state prisoner is seeking only damages, and is not asking the federal court to expedite his release from custody explicitly, he cannot prosecute a civil claim that would effectively "call into question the lawfulness of [his] conviction or confinement." *Heck*, 512 U.S. at 483. *See also Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) ("*Heck* requires favorable termination of the [criminal] action in an authorized state tribunal or a federal habeas corpus court, even if the [civil] claim is for damages rather than earlier release").

The Supreme Court explained that –

"[I]n order to recover damages for... harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., [a civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... **[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.**"

*Id*. at 486-87 (footnote omitted; emphasis added).

Here, Plaintiff is attempting to sue the named Defendants for wrongly causing (or upholding) the revocation of his supervised release. As discussed above, Plaintiff has not adequately described what, **specifically**, Defendants allegedly did (or failed to do) that supposedly violated his legal rights. It is clear, however, that Plaintiff is trying to claim that Defendants are responsible for his allegedly wrongful return to state prison. It follows that a judgment in

5

Plaintiff's favor in this action would necessarily imply that his current incarceration is not legally valid.  *Heck* bars such a claim.

## III.  CONCLUSION

In sum, two distinct reasons dictate, that Plaintiff's Fifth Amended Complaint fails to state a cause of action on which relief can be granted.  First, Plaintiff has not adequately described adequately what each of the named Defendants actually did (or failed to do) that supposedly violated his legal rights.  Second, even though Plaintiff has not described any specific wrongful acts or omissions, it is nevertheless clear that he is attempting to sue Defendants for (allegedly) wrongly effecting his return to prison.  Therefore, a judgment in Plaintiff's favor in this case would necessarily cast doubt on the legality of his current incarceration, which means this case is *Heck*-barred.  Because Plaintiff has failed to plead an actionable claim for relief, the Court will recommend that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to § 1915(e)(2)(B)(ii).

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's application for leave to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2.  This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   November 8, 2013                               *s/Steven E Rau*
                                                        Steven E. Rau
                                                        U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing

with the Clerk of Court, and serving all parties by **November 22, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.