UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Anthony Roberson,

                Plaintiff,

v.

Thant Pearson, Barbara Schuler, Work Force Center/Vocational Rehabilitation Services, Jennifer Case Manager of Team 160, Kelsie Dolney, Deborah Shadegg, Jeffrey Peterson, Tom Roy, Minnesota Clerks of Appellate Court, Jennifer (No Last Name), Hennepin County Economic Assistance Program, and Minnesota Department of Corrections,

                Defendants.

Civil No. 12-2128 (JNE/SER)
ORDER

---

This case is before the Court on a Report and Recommendation issued by the Honorable Steven E. Rau, United States Magistrate Judge, on November 8, 2013. The Magistrate Judge recommended that Plaintiff's application for leave to proceed in forma pauperis ("IFP") be denied and that the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff objected to the Report and Recommendation. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court agrees with the Magistrate Judge that Plaintiff's IFP request should be denied and his complaint dismissed for failure to state a claim on which relief may be granted, as required by 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's Fifth Amended Complaint ("complaint"), which is the operative complaint in this action, fails to state a claim on which this Court may grant relief. Plaintiff's complaint includes separate sections for different Defendants. The sections for all Defendants, other than

the one for the Minnesota Appellate Court Clerks, start with a heading of "Claim against [Defendant(s)]: For 'Racial Discrimination and Discrimination based on Physical and Mental Disability' all in violation of" certain federal and state statutory as well as constitutional provisions. The list of provisions references subsections of 29 U.S.C. § 794, 42 U.S.C. § 12182, and 42 U.S.C. §§ 1983, 1985, 1986. Each section then includes several paragraphs of a discussion.

The sections for Defendants Pearson, Schuler, and the Work Force Center/Vocational Rehabilitation Services allege that the Defendants deprived Plaintiff and conspired with others to deprive him of funding identified in an "Employment/Education Plan" for him. From the attachments to the complaint it appears that Plaintiff was in a Challenge Incarceration Program ("CIP") in 2012 when he filed the first version of his complaint. The CIP is a program created by Minnesota statute to meet the specified goals of punishing a criminal offender, protecting the public, treating chemically dependent offenders, and preparing an offender for successful reintegration into society. *See* Compl., Ex. I; Minn. Stat. § 244.171. The complaint's sections regarding Defendants Pearson, Schuler, and the Work Force Center allege that they deprived him of various tuition, transport, books, and other expenses of undertaking paralegal studies at the National American University Campuses, presumably that Plaintiff expected to be provided under the CIP plans.

The section for Defendants Jennifer[1] and the Hennepin County Economic Assistance Program allege that the Defendants deprived Plaintiff and conspired with others to deprive him of "emergency assistance funding" after agreeing to allow him to relocate to a new residence in Saint Paul. It alleges that they refused to transfer him to the Ramsey County Economic

---

[1] The complaint lists her as "Jennifer 'Last Name Unknown' Case Manager for Team 160 of Hennepin County Economic Assistance Program and Plaintiff/Client file # 1113065."

Assistance Program and failed to prevent him from being evicted for failure to pay rent. The section also alleges a failure to verify his disability claims as valid with the Social Security Administration.

The sections against Defendants Dolney, Shadegg, Peterson, Roy, and the Minnesota Department of Corrections allege that the Defendants failed to "restructure" the "standard or special conditions of release" and instead returned him to prison in violation of his rights. The gist of the allegations, apparent from the complaint and its attachments, appears to be that following a violation of the conditions of his participation in the CIP program, Plaintiff's CIP status was revoked. The Department of Corrections sent him to prison to serve his original term of imprisonment.

The final section lists "[c]laims against the Minnesota Appellate Court Clerks Office and Its Clerks of the Court for 'Refusal to File' for violations of '42 U.S.C. §§ 1983, 1985(2),(3), 1986,'" the United States and Minnesota constitutions, as well as the court's rules. The attachments to the complaint reflect that Plaintiff attempted to file papers with the Minnesota Court of Appeals following the Department of Correction's decision to revoke his CIP status and send him to prison. The complaint alleges that the Defendants refused to file his papers.

To avoid dismissal, Plaintiff's complaint must state at least one claim for which this Court may grant relief, and the complaint does not state any such claim. The only sources of a federal cause of action asserted by the complaint are the Rehabilitation Act, the Americans with Disabilities Act (ADA), and 42 U.S.C. §§ 1983-1986. While the specific legal theories and supporting narratives that Plaintiff attempts to put forward are unclear, to the extent it seeks to assert claims of discrimination, the complaint lacks facts to support such claims. For example, the complaint does not allege any factual link between any Defendant's actions and a disability.

*See Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998) (listing elements of a disability claim under the ADA and Rehabilitation Acts).

The complaint also does not state any other claim that Plaintiff may pursue pursuant to 42 U.S.C. §§ 1983-1986 in this action. The complaint lacks factual allegations to support a conspiracy of any sort for a claim pursuant to §§ 1985 or 1986. Similarly, the complaint cannot survive based on a claim pursuant to § 1983 because it does not state facts that reflect violations by the Defendants of any federally protected right that can be pursued in this action. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Moreover, some of Plaintiff's claims against the Minnesota Department of Corrections and its personnel relate to the decision to incarcerate him, as the Magistrate Judge discussed in his Report. *See* Docket No. 38 at 5-6. To the extent that Plaintiff seeks a judgment that would necessarily imply the invalidity of his conviction or sentence, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) bars those claims in this action.[2] *See Moore v. Sims*, 200 F.3d 1170, 1171-72 (8th Cir. 2000). Additionally, the Eleventh Amendment precludes actions against the Minnesota state officials in their official capacity for monetary damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (U.S. 1989). Finally, to the extent that Plaintiff alleges violations of state law, § 1983 does not create a federal cause of

---

[2]   Plaintiff's objection mentions that he has a pending action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, but he has "no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.
.

action to address them. *See Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) ("Violations of state law do not state a claim under 42 U.S.C. § 1983.").

With the above clarification to address what the Court understood from Plaintiff's objection, the Court adopts the Magistrate Judge's Report and Recommendation [Docket No. 38]. Therefore, IT IS ORDERED THAT:

1. Plaintiff's application for leave to proceed in forma pauperis [Docket No. 2] is DENIED.

2. This action is SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 30, 2014                                  s/Joan N. Ericksen_____
                                                         JOAN N. ERICKSEN
                                                         United States District Judge