UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Anthony Roberson,

                              Plaintiff,

v.

Thant Pearson, Barbara Schuler, Work Force
Center/Vocational Rehabilitation Services,
Jennifer Case Manager of Team 160, Kelsie
Dolney, Deborah Shadegg, Jeffrey Peterson,
Tom Roy, Minnesota Clerks of Appellate
Court, Jennifer (No Last Name), Hennepin
County Economic Assistance Program, and
Minnesota Department of Corrections,

                              Defendants.

Civil No. 12-2128 (JNE/SER)
ORDER

---

This matter is before the Court on Plaintiff's renewed application to proceed *in forma pauperis* ("IFP") on appeal.  Plaintiff filed his notice of appeal on February 6, 2014 along with an application to proceed IFP on appeal.  Docket Nos. 45-46, 49.  At that time Plaintiff's IFP application could not be appropriately considered under 28 U.S.C. § 1915 (2012), because Plaintiff had not provided the required financial information.  The Court denied Plaintiff's application without prejudice and with a chance to file an amended application that includes a copy of his trust fund account statement for the six months preceding his appeal, as called for by 28 U.S.C. § 1915(a)(2).  *See* Docket No. 51.  Plaintiff's present filing includes a trust fund account statement for the period September 1, 2013, to March 19, 2014, from the Minnesota Correctional Facility in Red Wing, where he is incarcerated.

To qualify for IFP status on appeal, a prisoner who appeals from a judgment in a civil action must submit information that demonstrates the prisoner's inability to pay, or give security

for, the appellate filing fees.  28 U.S.C. § 1915(a)(1).  The prisoner must also submit a certified

copy of the trust fund account statement for the prisoner for the 6-month period immediately

preceding the filing of the notice of appeal.  *Id.* § 1915(a)(2).  Even if the prisoner obtains IFP

status on appeal, the prisoner is liable for payment in full of the $505 appellate filing fees

without regard to the outcome of the appeal.  *Id.* § 1915(b)(1); *Henderson v. Norris*, 129 F.3d

481, 484 (8th Cir. 1997) (per curiam).  By filing a notice of appeal, the prisoner consents to the

deduction of an initial partial appellate filing fee and the remaining installments from his prison

account by prison officials.  *Henderson*, 129 F.3d at 484.  Even if the prisoner is financially

eligible to proceed IFP on appeal, the prisoner may not appeal IFP if the district court "certifies

in writing that [the appeal] is not taken in good faith."  28 U.S.C. § 1915(a)(3).

Based on the information submitted by Roberson, the Court finds that he is financially

eligible for IFP status on appeal.  His initial partial appellate filing fee is $54.[1]  *See id.*

§ 1915(b)(1); *Henderson*, 129 F.3d at 485.  The Clerk of Court shall (1) notify the prison

officials at the institution where Roberson is incarcerated to pay Roberson's $54 initial partial

appellate filing fee from Roberson's account; (2) notify the prison officials to pay the remaining

balance of Roberson's appellate filing fees, $451, from Roberson's account in the manner

prescribed by 28 U.S.C. § 1915(b)(2); and (3) send a copy of this Order to Roberson and to the

prison officials.  *See Henderson*, 129 F.3d at 485.

The Court turns to whether Roberson has appealed in good faith.  *See* 28 U.S.C.

§ 1915(a)(3); *Henderson*, 129 F.3d at 485.  Good faith in this context is judged by an objective

standard rather than the subjective beliefs of the appellant.  *Coppedge v. United States*, 369 U.S.

---

[1]     Based on the information furnished by Plaintiff, the Court finds that his average trust
account balance during the preceding six-month period was $271.  Because the average balance
amount clearly exceeds the average monthly deposit amount, Plaintiff's initial partial filing fee,
under the formula prescribed by section 1915(b)(1), will be 20% of $271, which is $54.

438, 445 (1962).  To determine whether an appeal is taken in good faith, the Court must decide

whether the claims to be decided on appeal are factually or legally frivolous.  *Id*.  An appeal is

frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in

law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Although the Court remains

satisfied that Roberson's claims were properly addressed, the Court declines to certify that his

appeal is not taken in good faith.  Accordingly, the Court grants Roberson's application to

proceed IFP on appeal.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.  Roberson is assessed the $505 appellate filing fees.

2.  The prison officials at the institution where Roberson is incarcerated shall pay
    the $54 initial partial appellate filing fee from his account to the Clerk of
    Court.

3.  The prison officials at the institution where Roberson is incarcerated shall pay
    the remaining balance of his appellate filing fees, $451, from his account to
    the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

4.  Roberson's application to proceed in forma pauperis on appeal [Docket No.
    52] is GRANTED.

5.  The Clerk of Court shall send copies of this Order to Roberson, the prison
    officials at the institution where Roberson is incarcerated, and the Eighth
    Circuit.

Dated: April 25, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge